UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROBERT P. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15-cv-166-HSM-SKL |
| | ) |
| CASEY STOKES, Judge Meigs County, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPORT AND RECOMMENDATION

Before the Court is an Application to Proceed *In Forma Pauperis* ("Application") [Doc. 2] filed by Robert P. Johnson. Mr. Johnson's *pro se* Complaint [Doc. 1] seeks damages of $100,000 from Judge Casey Stokes of the General Sessions Court for Meigs County, Tennessee. Because I conclude Mr. Johnson's Complaint seeks monetary damages against a defendant who is immune from such damages, I **RECOMMEND** this action be **DISMISSED** and the Application be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sep. 25, 2008).

Mr. Johnson alleges Judge Stokes illegally sentenced him, in his absence and without his being represented by counsel, for a parole violation [Doc. 1 at Page ID # 3-4]. Mr. Johnson

alleges this illegal sentencing took place after a court appearance in which Mr. Johnson and Judge Stokes got into an argument and Mr. Johnson was "kicked out of court and was [taken] back to the jail" [Doc. 1 at Page ID # 4].

Judicial immunity attaches to actions undertaken in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-29 (1988). An action is undertaken in a judicial capacity if it is a function normally performed by a judge. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (citing *Stump*, 435 U.S. at 356-59).

Conducting hearings and sentencing defendants are both functions normally performed by a judge. Therefore, whether Judge Stokes was right or wrong in the manner in which he allegedly conducted Mr. Johnson's hearing and sentencing, Judge Stokes is entitled to judicial immunity for Mr. Johnson's claim.

Accordingly, I **RECOMMEND**[1] that this action be **DISMISSED** and Mr. Johnson's Application [Doc. 2] be **DENIED** as moot.

SO ORDERED.

ENTER:

                                         s/ *Susan K. Lee*
                                         SUSAN K. LEE
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).